# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3728 | **DATE** | 10/27/2012 |
| **CASE TITLE** | Carolyn Diskey vs. Allstate Indemnity Company, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendants' motion to dismiss [14] and orders that this case be transferred to the Eastern District of Oklahoma. This case is terminated from this Court's docket.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, an Oklahoma citizen, is suing defendants, Illinois citizens, for breach of contract and other state-law claims arising from their alleged use of inflated replacement values to determine the premium for the insurance policy on her manufactured home. The policy contains a forum-selection clause that states "any and all lawsuits in any way related to this policy, shall be brought, heard and decided only in a state or federal court located in the state in which the [manufactured home] is located," which is Oklahoma. (Defs.' Mem. Law Supp. Mot. Dismiss, Ex. 1, Policy at ALLDISK01-0000022 & Decl.; Pl.'s Mem. Law Opp'n Mot. Dismiss at 3.)[1] Defendants argue that the forum-selection clause makes this Court the wrong venue for this case and, because plaintiff had no basis for filing it here, the case should be dismissed. *See* Fed. R. Civ. P. 12(b)(3) (permitting defendants to seek dismissal for "improper venue"); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (holding that an "elementary" mistake by plaintiff does not require a court to transfer rather than dismiss a suit under § 1406(a)).

However, the Seventh Circuit has held that the propriety of venue is determined solely by federal venue statutes, in this case § 1391, and a venue that meets the statutory requirements cannot be rendered "wrong" within the meaning of § 1406(a) by a forum-selection clause. *In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008). Such a clause may make one proper venue more suitable than another but, the *LimitNone* court said, that concern implicates § 1404(a), not § 1406(a):

> [T]he district court mischaracterized the transfer as one under § 1406(a) when it was 28 U.S.C. § 1404(a) that provided the necessary authority. Transfer under § 1406(a) is appropriate only when venue is improperly laid. . . . Venue was . . . proper, within the meaning of § 1391, in the Northern District of Illinois, notwithstanding the forum-selection clauses. There often may be

**STATEMENT**

> multiple proper venues, although one, on the basis of a forum-selection clause or for other reasons, may be superior to the rest. Because the Northern District of Illinois was not an improper venue, § 1404(a), rather than § 1406(a), provided the authority for the transfer order.

*LimitNone*, 551 F.3d at 575-76 (citations and footnotes omitted); *see* 28 U.S.C. § 1404(a) (stating that a case filed in a proper, but inconvenient venue, may be transferred to "another district . . . where it might have been brought or to . . . which all parties have consented"). Because this Court meets the venue requirements of § 1391 (*see* Compl. ¶¶ 2-7), *LimitNone* teaches that § 1404(a) applies.

Rule 12(b)(3), which permits dismissal for "improper venue," muddies the water. In a decision issued before *LimitNone*, the Seventh Circuit unequivocally stated that "[a] challenge to venue based upon a forum selection clause can appropriately be brought as a [Rule 12(b)(3)] motion to dismiss." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). The *LimitNone* court did not cite to or discuss *Muzumdar*. Thus, "it is not clear why a forum-selection clause . . . render[s] an otherwise proper venue 'improper' under Rule 12(b)(3)," as held in *Muzumdar*, "but not 'wrong' under § 1406(a)," as held in *LimitNone*. *Schwarz v. Sellers Mkts., Inc.*, 812 F. Supp. 2d 932, 941 (N.D. Ill. 2011).

Perhaps "improper," as used in Rule 12(b)(3), is shorthand for the "proper-but-not-optimal" concept of § 1404(a). It is not, however, an issue the Court needs to decide because, "'nothing . . . precludes a district court, faced with a Rule 12 motion based on a forum selection clause, from considering § 1404 factors to determine whether transfer is the better course.'" *Schwarz*, 812 F. Supp. 2d at 942 (quoting *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001)). That is what the Court will do.

Ordinarily, a § 1404(a) analysis requires the Court to consider, among other things, the alternate forum's convenience for the parties. *See Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Having agreed to the forum-selection clause, however, the parties have waived any objection to litigating in Oklahoma based on their own convenience. *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 613 (7th Cir. 2006). Moreover, when the parties have agreed to a forum, that choice "should be overridden only if [it] would impose significant costs on third parties or on the judicial system." *Abbott Labs. v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007); *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (stating that "[t]he presence of a forum-selection clause . . . [is] a significant factor that figures centrally in the . . . [section 1404(a)] calculus."). There is no evidence here that it would. Thus, because the property that is the subject of the contested policy is located in the Eastern District of Oklahoma, the Court orders that this case be transferred there. (*See* Defs.' Mem. Law Supp. Mot. Dismiss, Ex. 1, Policy, Decls.(identifying Beggs, Oklahoma as the location of the manufactured home); www.oked.uscourts.gov (stating that Beggs is in the Eastern District of Oklahoma).

---

1. The Court can consider evidence outside of the pleadings in deciding a Rule 12(b)(3) motion without converting it into a motion for summary judgment. *Faulkenberg v. CB Tax Franchise Sys.*, 637 F.3d 801, 809-10 (7th Cir. 2011).